I concur in that part of the majority opinion that upholds the trial court's award of periodic alimony and child support. I also concur with the majority that the trial court abused its discretion in the distribution of the assets, especially in view of the husband's admission that the income from certain inherited properties was used to support the family. However, as concerns the manner of distribution of the assets, I must dissent.
Here, it appears from the record that the Southland Broiler Corporation is a subchapter S corporation. However, little else is revealed as concerns the structure of the corporation. I find that to arbitrarily divide the stock of such a corporation could result in a material change in the control of the corporation, and its legal structure as well, which could stand to injure both the husband and the wife, as well as third party stockholders. Also, the final decree of the trial court was issued in December 1987, and since that time material changes could have already occurred in the value of the assets which the majority elects to distribute to the wife to such an extent that another inequitable distribution could result. Therefore, I would remand the case to the trial court with instructions to make a more equitable division of the assets.